UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | |
|---|---|
| William Loftus,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>Oleksandr Fumarov;<br>Amazing Guys, Inc; and Kareta<br>Express, Inc.<br><br>　　　　　Defendants. | Case Number:<br><br><br>**COMPLAINT**<br><br>(Jury Trial Requested) |

The Plaintiff, complaining of the Defendants above-named, hereby alleges and pleads as follows:

1.　　Plaintiff William Loftus is a citizen and resident of the County of Guilford, State of North Carolina.

2.　　Defendant Oleksandr Fumarov is a citizen and resident of the State of Florida. Defendant Fumarov was the driver of a 2020 Ford truck bearing VIN 1FT8W3DT9LEE58408 that seriously injured Plaintiff on December 16, 2020.

3.　　Defendant Amazing Guys, Inc. ("Amazing Guys") is a corporation organized and existing under the laws of the State of Illinois. Defendant Amazing Guys was the registered owner of the 2020 Ford truck bearing VIN 1FT8W3DT9LEE58408 that was involved in the motor vehicle collision that resulted in serious injury to Plaintiff on December 16, 2020.

4.　　Defendant Kareta Express, Inc. ("Kareta Express") is a corporation organized and

existing under the laws of the state of Illinois and is/was a motor vehicle carrier registered with the United States Department of Transportation and bearing USDOT number 3397897. At the time of the subject collision, Defendant Fumarov was operating pursuant to the interstate operating authority granted to Defendant Kareta Express by the USDOT, as Amazing Guys lacked motor carrier operating authority.

5. This suit arises from a motor vehicle collision that occurred at approximately 12:30 pm on Interstate 85 South in Spartanburg County, State of South Carolina on December 16, 2020.

6. Pursuant to 28 U.S.C. §1332, this court has jurisdiction based on complete diversity of citizenship of the parties and the amount in controversy exceeds $75,000.00.

## FOR A FIRST CAUSE OF ACTION
(Negligence)

7. Plaintiff realleges and reincorporates Paragraphs 1 through 6 above as if fully set forth verbatim herein.

8. That at all times relevant hereto, Defendant Fumarov was an employee, agent or representative of Defendant Amazing Guys and Defendant Kareta Express acting in the course and scope of his employment or work.

9. That at all times relevant hereto, Defendant Amazing Guys and Defendant Kareta Express were the employers or principals of Defendant Fumarov.

10. That Defendant Amazing Guys and Defendant Kareta Express exercised control over the conduct of Defendant Fumarov, and, at all times relevant hereto, had the right to control the time, manner and method of Defendant Fumarov's work.

11. That Defendant Amazing Guys and Defendant Kareta Express are responsible for Defendant Fumarov's actions and the consequences of his actions on December 16, 2020 pursuant

to the doctrines of *respondeat superior* and agency.

12. On December 16, 2020, at approximately 12:30 p.m., Plaintiff was driving a 2005 sports utility vehicle owned by his father, Joseph Loftus, and was traveling southbound on Interstate 85 in Spartanburg County, South Carolina. The stretch of roadway where the collision occurred was straight and flat. At the time of the subject collision, Plaintiff had slowed for traffic and was stopped or almost completely at a stop, along with multiple other vehicles when he was struck in the rear by the 2020 Ford truck and vehicle transporter driven by Defendant Fumarov.

13. At the time of the subject collision, Defendant Fumarov was driving the 2020 Ford truck owned by Defendant Amazing Guys with its knowledge and permission and pursuant to the interstate operating authority granted to Defendant Kareta Express by the USDOT.

14. Defendant Fumarov was transporting vehicles and engaged in interstate commerce for the benefit of the Defendants when he rammed into Plaintiff's vehicle, causing a chain reaction collision involving 4 other vehicles.

15. Plaintiff was acting in a reasonable, prudent and careful manner at all times pertinent hereto and was not at fault in any way.

16. As a result of the crash, Plaintiff suffered substantial physical trauma and injuries which has required multiple surgical procedures.

17. The crash, injuries, and damages described in this Complaint were the direct, foreseeable and proximate result of the negligent and careless, and willful, wanton, reckless, and grossly negligent acts or omissions of Defendant Fumarov who was acting in the course and scope of his employment, agency and representation of Defendant Amazing Guys and Defendant Kareta Express in the following particulars:

(a) In driving a motor vehicle in such a manner as to indicate a willful, wanton, reckless, grossly negligent, and negligent disregard for the safety of others in violation of S.C. Code Ann. §56-5-2920;

(b) In traveling too fast for conditions;

(c) In failing to maintain a proper lookout;

(d) In failing to use the degree of care and caution that a reasonable person would have used under the circumstances then and there prevailing;

(e) In failing to keep the motor vehicle he was operating under control;

(f) In failing to apply or properly apply his brakes, if any he had;

(g) In failing to maintain his brakes, if any he had;

(h) In failing to properly observe the road and traffic conditions and patterns;

(i) In driving while tired or not otherwise fully alert in reckless disregard of the rights and safety of others, especially the rights and safety of the Plaintiff;

(j) In failing to operate a commercial vehicle in the manner required by the Federal Motor Carrier Safety Regulations.

18. That as a direct and proximate result of the negligent, careless, grossly negligent, reckless, willful, or wanton acts of omissions of the Defendant Fumarov's willful, wanton, reckless, grossly negligent, and negligent acts as set out above, Plaintiff has suffered injuries, which have caused, and in the future will cause, Plaintiff to suffer one or more of the following elements of damage:

(a) Pecuniary loss;

(b) Mental shock and suffering;

(c) Pain and suffering;

(d) Loss of enjoyment of life;

(e) Permanent impairment;

(f) Disfigurement;

All of which were a direct and proximate cause of the injuries and damages sustained by Plaintiff as alleged herein.

19. That due to the willful, wanton, reckless, grossly negligent, and negligent acts of Defendant Fumarov as set out above, as well as his violation of state law, Plaintiffs are entitled to recovery actual and punitive damages, jointly and severally as determined by a jury.

### FOR A SECOND CAUSE OF ACTION
(Negligent Entrustment)

20. That Plaintiff realleges and reincorporates Paragraphs 1 through 19 above as if fully set forth verbatim herein.

21. That Defendants Amazing Guys and Kareta Express knew or should have known Defendant Fumarov was untrained, unskilled and incapable of operating his vehicle in the manner required by the Federal Motor Carrier Safety Regulations and state law.

22. That Defendants Amazing Guys and Kareta Express knew or should have known that Defendant Fumarov was careless and lacked sufficient training such that he was incapable of complying with the Federal Motor Carrier Safety Regulations and state law and was therefore, a negligent and/or reckless driver.

23. That Defendant Amazing Guys and Kareta Express negligently and/or recklessly entrusted a commercial vehicle to Defendant Fumarov despite its knowledge that Defendant Fumarov lacked proper training and appropriate driving skills to operate the same.

24. That as a direct, foreseeable, and proximate result of the negligent, grossly negligent, reckless, willful, and wanton acts and omissions of Defendant Amazing Guys and

Defendant Kareta Express, Plaintiff has suffered and will continue to experience pain and suffering, mental distress, loss of enjoyment of life, emotional anguish, and medical expenses.

25. That Plaintiff is entitled to judgment against Defendant Amazing Guys and Defendant Kareta Express for his above-described injuries and for actual and punitive damages in an amount to be determined by the jury.

**FOR A THIRD CAUSE OF ACTION**
(Negligent Hiring, Training, Supervision and Retention)

26. That Plaintiff realleges and reincorporates Paragraphs 1 through 25 above as if fully set forth verbatim herein.

27. Defendants Amazing Guys and Kareta Express owed a duty to Plaintiff to exercise reasonable care in conducting its business activities, including the implementation and following of appropriate operating standards and procedures and safety management systems specifically as to the hiring, training, retention and supervision of its employees, drivers and agents, including Defendant Fumarov.

28. That Defendants owed statutory and common law duties to Plaintiff to use reasonable care when hiring, supervising, training and retaining employees and to use safe and fit equipment.

29. That Defendants knew or should have known that Defendant Fumarov lacked training and possessed a driving record such that he was unable to comply with the Federal Motor Carrier Safety Regulations and state laws and therefore was a negligent and/or reckless driver.

30. That Defendants failed to properly supervise and train Defendant Fumarov and, despite this, allowed him to operate his vehicle without the most basic training in violation of the

Federal Motor Carrier Safety Regulations and state law.

31. That as a direct, foreseeable, and proximate result of the negligent, grossly negligent, reckless, willful, and wanton acts and omissions of Defendants, Plaintiff has and continues to suffer pain, physical harm and injury, mental distress, loss of enjoyment of life, permanent impairment, and out of pocket expenses relating to his medical expenses.

32. That Plaintiff is entitled to judgment against Defendants for his injuries described above, and for actual and punitive damages in an amount to be determined by the jury.

33. That Plaintiff is entitled to judgment against Defendants, jointly and severally, for his injuries described above, and for actual and punitive damages in an amount to be determined by the jury.

WHEREFORE, Plaintiff prays for the following:

i. Judgment against Defendants for actual and punitive damages in an amount to be determined by a jury;

ii. For the costs of this action; and

iii. For such other and further relief as this court deems just and proper.

JOYE LAW FIRM, L.L.P.

By:  /s/ Melissa G. Mosier
Melissa G. Mosier
Federal ID No.: 11000
R. Davis Rice
Federal ID No.: 10609
1333 Main St., Suite 260
Columbia, SC 29201
Office: (843) 554-3100
Facsimile: (843) 725-4278
mmosier@joyelawfirm.com
drice@joyelawfirm.com

Attorneys for Plaintiffs

Columbia, South Carolina
This 13th day of December, 2021