NITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | | |
|---|---|---|
| William Loftus, ) | | |
|   Plaintiff, ) | C/A No.: 7:21-CV-04041-JDA | |
| v. ) | | |
| Oleksandr Fumarov; Kareta Express, Inc.; GIG Logistics, Inc., ) | | |
|   Defendants. ) | | |
| _____ ) | | |
| Domere Sterling LaMarr Walker ) | | |
|   Plaintiff, ) | C/A No.: 7:22-cv-00224-JDA | |
| v. ) | **OPINION AND ORDER REGARDING SANCTIONS AGAINST GIG LOGISTICS** | |
| Amazing Guys, Incorporated; Oleksandr Fumarov; Kareta Express, Inc.; GIG Logistics, Inc., ) | | |
|   Defendants. ) | | |
| _____ ) | | |

This matter is before the Court on motions by Plaintiffs William Loftus and Domere Sterling LaMarr Walker, respectively, seeking sanctions against GIG Logistics, Inc., ("GIG") pursuant to Rule 37(b) for its failure to comply with this Court's order compelling the production of documents, as well as, the failure of the owner and President of GIG, Denys Muzyka, to attend his properly noticed deposition.  [*See* Doc. 71 in case 21-4041 (the "Loftus Case"); and Doc. 55 in case 22-224 (the "Walker Case").]  Because Plaintiff in the Walker Case moved to join [Doc. 57 in the Walker case] in the motion for sanctions in the Loftus Case, the Court will cite to the arguments presented by Loftus.

1

## BACKGROUND

This suit arises from a motor vehicle collision that occurred at approximately 12:30 p.m. on Interstate 85 South in Spartanburg County, South Carolina, on December 16, 2020. [Doc. 25 ¶ 6.] On or around November 30, 2022, Plaintiff served GIG with Plaintiff's First Set of Interrogatories and First Set of Requests for Production. [Doc. 59 ¶ 1.] The only document GIG produced was its 39-page insurance policy. [*Id*.] Counsel for GIG has admitted that they have been unable to locate a representative of GIG that will provide all information and documents pertaining to Plaintiff's discovery requests although GIG is still in business and operational. [*Id.* ¶ 5.]

Plaintiff moved to compel production on July 12, 2023. [Doc. 59.] Counsel for GIG responded, noting that the delay in providing responses has been unintentional and the result of Mr. Muzyka, the president and owner of GIG, being in Ukraine and unable to return to the United States. [Doc. 62.] Counsel for GIG was able to contact the safety manager for GIG, Vlad Glen, who indicated that he had documents in his possession related to the case. [*Id.* at 2.] Counsel arranged for a meeting in Chicago with Mr. Glen to discuss the discovery responses on May 25, 2023, but Mr. Glen did not attend, and Counsel was informed by Mr. Muzyka that he would be the only individual representing GIG moving forward. [*Id*.]

On August 29, 2023, based on a review of the motion to compel and response, the Court entered an Order granting Plaintiff's motion to compel and ordered GIG to (1) fully and completely respond to Plaintiff's First Set of Interrogatories and Requests for Production within 60 days; (2) fully and completely respond to Plaintiff's Rule 30(b)(2) requests within 60 days; and (3) make an authorized and knowledgeable designee

2

available within 14 days of the provision of all responsive discovery requests. [Doc. 67.] The Court also advised that "[s]hould GIG fail to comply with the terms of this discovery Order, GIG will be subject to sanctions pursuant to Federal Rule Civil Procedure 37(b)." [*Id*. at 2.]

On December 18, 2023, Plaintiff filed a motion for sanctions as to GIG, arguing that "no additional documents have been produced and no witness has testified within the specific time deadline by the Court." [Doc. 71 at 1.] Plaintiff advised that while the deposition of Mr. Muzyka was noticed and set, he failed to attend his deposition or provide testimony.[1] [*Id*.] Thus, as a result of GIG's failure to comply with this Court's Order, and Mr. Muzyka's failure to attend his properly noticed deposition, Plaintiff requests that this Court strike GIG's Answer and set this matter for a damages hearing as to GIG's vicarious and direct liability for putting a driver lacking the most basic of credentials behind the wheel of a commercial motor vehicle. [*Id*.]

## **APPLICABLE LAW**

**Rule 37(b)**

Rule 37(b)(2) allows the district court to impose several types of sanctions for a party's failure to provide or permit discovery, including but not limited to "striking pleadings in whole or in part" and "rendering a default judgment against the disobedient party." Fed. R. Civ. P. 37(b)(2)(A)(iii), (vi). In considering what sanction to impose for failure to comply with discovery orders under Rule 37(b), district courts must consider "(1) whether the non-complying party acted in bad faith, (2) the amount of prejudice that noncompliance caused

---

[1] At a status hearing before the Court on February 22, 2024, counsel for both Loftus and Walker indicated that, based on Mr. Muzyka's actions to date, they had no reason to believe he would provide discovery or attend a deposition even if they rescheduled one.

the adversary, (3) the need for deterrence of the particular sort of non-compliance, and (4) whether less drastic sanctions would have been effective." *Anderson v. Found. for Advancement, Educ. & Emp. of Am. Indians*, 155 F.3d 500, 504 (4th Cir. 1998). Such an evaluation ensures that only the most flagrant cases, where the party's noncompliance represents bad faith and callous disregard for the authority of the district court and the Rules, result in the extreme sanction of dismissal or judgment by default. *See Wilson v. Volkswagen of Am., Inc.*, 561 F.2d 494, 504 (4th Cir. 1977).

There are, however, due-process-based limits on a court's power to sanction through default judgment. "[T]he provisions of the Fifth Amendment[, which provide] that no person shall be deprived of property without due process of law," impose "constitutional limitations upon the power of courts, even in aid of their own valid processes, to dismiss an action without affording a party the opportunity for a hearing on the merits of his cause." *Societe Internationale Pour Participations Industrielles Et Commerciales, S.A. v. Rogers*, 357 U.S. 197, 209 (1958). Accordingly, a default judgment generally may not be entered as a sanction "without first giving notice of . . . intent to do so and without affording an opportunity for a hearing." *Ford v. Alfaro*, 785 F.2d 835, 840 (9th Cir. 1986).

## **DISCUSSION**

While the Court believes that sanctions in the form of striking GIG's answer and entering default would be an appropriate sanction in this matter, the undersigned is not certain that GIG was given the appropriate notice that it would be subject to this specific sanction if it failed to comply with the Court's Order on the motion to compel. [*See* Doc. 67.] The case law in this circuit appears to require a specific admonition or "clear notice"

4

to the parties that "their failure to meet the . . . conditions [of a court order] will" preclude their right to adjudication on the merits. *See Choice Hotels Int'l, Inc. v. Goodwin & Boone*, 11 F.3d 469, 471 n.2 (4th Cir. 1993); *see also Hathcock v. Navistar Int'l Transp. Corp*, 53 F.3d 36, 40 (4th Cir. 1995) ("[T]his court has emphasized the significance of warning a defendant about the possibility of default before entering such a harsh sanction."); *Lolatchy v. Arthur Murray, Inc.*, 816 F.2d 951, 954 n.2 (4th Cir. 1987) ("[The] fact is that in *National Hockey League*[ *v. Metropolitan Hockey Club, Inc.*], as well as in *Rabb*[ *v. Amatex Corp.*, 769 F.2d 996 (4th Cir. 1985)], the district court explicitly warned the defaulting party in advance of the consequence of default, which was dismissal. No such warning was given in this case; had there been, another case would be presented." (citations omitted)). When such notice is provided, it is undoubtedly constitutionally adequate. *See Link v. Wabash R.R.*, 370 U.S. 626, 632–33 (1962). Accordingly, on this basis, the pending motion for sanctions [Doc. 71] is held in abeyance to give GIG one final opportunity to comply with the Order before the sanction of default may be imposed.

## ORDER

In light of the above, the pending motions for sanctions [Doc. 71 in the Loftus Case and Doc. 55 in the Walker Case] are **held in abeyance** and the Court hereby **ORDERS** GIG and Mr. Muzyka, **within 10 days of this Order**, to produce all outstanding discovery responses as outlined in the Court's August 29, 2023, Order [Doc. 67 in the Loftus Case] and Mr. Muzyka to appear and sit for the virtual deposition previously scheduled by Plaintiffs, at a time to be set by Plaintiffs. Should GIG and Mr. Muzyka fail to comply with this Court's Order, GIG will be subject to sanctions pursuant to Rule 37(b) of the Federal Rules of Civil Procedure, **including the striking of its Answers and the entry of default**

**judgment against GIG in both cases**.  GIG and Mr. Muzyka are also put on notice that the Court may consider other sanctions available under Rule 37(b) for the continued failure to comply with the Orders of this Court.

    **IT IS SO ORDERED**.

s/Jacquelyn D. Austin<br>United States District Judge

February 28, 2024
Greenville, South Carolina